```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/30/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
BENJAMIN PINCKNEY                              :
                              Plaintiff,  :
                                       :      19-CV-3541 (VEC)
        -against-                                     :
                                       :          ORDER
                                       :
RIVERBAY CORPORATION,                        :
                              Defendant.  :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS counsel for the parties submitted a proposed settlement agreement, Dkt. 27-1, for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015);

       WHEREAS the proposed settlement provides for a total recovery of $50,000, with 30% of the recovery ($15,000) awarded to Plaintiff's counsel for fees and costs, Dkts. 27-1 at 8;

       WHEREAS Plaintiff's counsel has failed to provide an estimate of the maximum recovery available to Plaintiff, should he ultimately prevail at trial, for the Court to determine whether Plaintiff's recovery is reasonable in light of the stated litigation risks;

       WHEREAS Plaintiff's counsel has failed to provide any billing records for the Court to determine whether the $15,000 fee award is reasonable based on the amount of time expended and the experience level of Plaintiff's counsel;

       WHEREAS the proposed settlement agreement contains a general release of Plaintiff's claims that is overbroad, applying to all claims known and unknown, including any claims that were not asserted in this action, *see, e.g.*, Dkt. 27-1 at 3–4, 14;

WHEREAS the general release makes it impossible for the Court to determine whether the settlement is reasonable because of the unknown value of any unspecified claims being waived;

WHEREAS the proposed agreement contains confidentiality or non-disclosure provisions that forbid one or both parties from revealing the existence or substance of the agreement and contacting media entities or others about the settlement or its terms, *see* Dkt. 27-1 at 4–6;

WHEREAS any non-disclosure or confidentiality provision, to the extent it applies to the terms or existence of the settlement, has been rendered moot by the public filing of the agreement;

WHEREAS the proposed agreement contains a non-disclosure provision that requires the parties to answer any inquiry about the litigation by stating "only that it has been resolved to the satisfaction of the parties," *see* Dkt. 27-1 at 6;

WHEREAS the proposed agreement makes Plaintiff liable for actual or liquidated damages if Plaintiff were to breach any non-disclosure or confidentiality obligation, *see* Dkt. 27-1 at 5;

WHEREAS the proposed agreement contains a non-disparagement provision without exempting true statements, *see* Dkt. 27-1 at 7;

IT IS HEREBY ORDERED that the motion to approve the proposed settlement agreement as fair and reasonable is DENIED because of the inclusion of overbroad release, non-disparagement, and confidentiality or non-disclosure provisions. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 (S.D.N.Y. 2015) (explaining conflict between confidentiality and damages provisions with Congress's intent to advance awareness and implementation of the FLSA in workplaces); *Flores-Mendieta v. Bitefood Ltd.*, No. 15-CV-4997, 2016 WL 1626630, at

\*2 (S.D.N.Y. Apr. 21, 2016) ("A FLSA settlement cannot offer the defendant a sweeping release from liability that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" (quoting *Cheeks*, 796 F.3d at 206)); *Santos v. EL Tepeyac Butcher Shop Inc.*, No. 15-CV-814, 2015 WL 9077172, at \*1 (S.D.N.Y. Dec. 15, 2015) (rejecting mutual non-disparagement clause); *see also Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229 (S.D.N.Y. 2016) (disapproving of general release despite it being mutual). The actual or liquidated damages provision also unreasonably threatens to make Plaintiff responsible for damages that Defendant owes to other employees denied fair pay under the FLSA, if other employees happen to learn of their rights from Plaintiff. *See Lopez*, 96 F. Supp. 3d at 180. The parties are further reminded that any non-disclosure provision must allow Plaintiff to make truthful statements about the case and his experience litigating this matter. *See, e.g.*, *id.* at 180 n.65 (explaining that non-disparagement provisions "must include a carve-out for truthful statements about plaintiffs' experience litigating their case"). The Court also cannot conclude that Plaintiff's recovery and counsel's fees and costs are reasonable without an accounting of Plaintiff's potential recovery and counsel's fees and costs. In sum, the Court will not approve the proposed settlement unless the additional information is provided, the overbroad provisions are removed or narrowed, and the damages provision is removed.

IT IS FURTHER ORDERED that the parties must submit a revised settlement for approval no later than **April 17, 2020**. Plaintiff's counsel must provide, by the same date, a reviewable assessment of Plaintiff's maximum recovery at trial, and a breakdown of counsel's costs and fees and the lodestar multiplier.

IT IS FURTHER ORDERED that the status conference currently scheduled for April 3, 2020, is adjourned pending the submission of the foregoing documents.

**SO ORDERED.**

**Date: March 30, 2020**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**